FILED'07 JAN 26 13:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACKSON & PERKINS WHOLESALE, INC., <br><br>      Plaintiff, <br><br>    v. <br><br> SMITH ROSE NURSERY, INC., et al., <br><br>      Defendants. | Civ. No. 03-3091-CO <br><br><br><br><br> **ORDER** |

**PANNER, District Judge:**

    Plaintiff Jackson & Perkins Wholesale, Inc. brings this action for breach of contract and for enforcement of guaranty against defendants Smith Rose Nursery, Inc., Calvin J. Smith, and Melvin W. Smith. The parties dispute whether defendants are entitled to a jury trial. I conclude that defendants have not waived their right to a jury trial.

                       **DISCUSSION**

    Trial is set to begin February 27, 2007. Defendants removed this action from state court in September 2003. Neither

1 - ORDER

plaintiff's complaint, originally filed in state court, nor defendants' answer and counterclaim, demanded a jury trial. Defendants did not request a jury trial until November 2006.

Oregon law does not require that a party make an express demand for a jury trial to preserve the right to a jury trial. See Keefe v. W.W. Grainger, Inc., Civ. No. 88-199-FR, 1989 WL 81621, at *1 (D. Or. 1989). Federal Rule of Civil Procedure 81(c) governs demands for jury trials in actions removed from state court:

> **(c) Removed Actions.** These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders.
> . . . .
> If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed. R. Civ. P. 81(c). The issue here, as framed by Rule 81(c), is whether this court has directed that the parties make a demand for trial by jury "within a specified time."

In this action, this court has not issued a specific order setting a deadline for demanding a jury trial. Plaintiff contends, however, that this district's Local Rules constitute a direction by this court to make a demand for a jury trial. See Bruns v. Amana, 131 F.3d 761, 762 (8th Cir. 1997) (holding that local rule was a directive from the court under Rule 81(c)).

2 - ORDER

Plaintiff relies on Local Rules (LRs) 38.1 and 38.2, which provide:

> **LR 38.1 Demand for Jury Trial** (See Fed. R. Civ. P. 38)
>
> (a) **Document Title Requirements.** The words DEMAND FOR JURY TRIAL must be included on the last line of the document title of any jury demand instrument filed pursuant to Fed. R. Civ. P. 38(b), e.g., :
> Example  ANSWER by ABC Corporation, Inc. and DEMAND FOR JURY TRIAL
>
> (b) **Pleading Requirements.** In addition, the DEMAND FOR JURY TRIAL should be asserted in the last paragraph of the document.
>
> **LR 38.2 Waiver of Jury Demand** (See Fed. R. Civ. P. 38(d))

LR 38.1 describes how to make a jury demand, but does not state when the demand must be made. LR 38.1 cites Federal Rule of Civil Procedure 38(b), which does not address when a party must make a jury demand after removal if state law does not require a jury demand.[1] That issue is covered by Rule 81(c).

Plaintiff notes that LR 38.2 cites Federal Rule of Civil Procedure 38(d). Rule 38(d) provides that a party's failure to timely demand a jury trial may waive the right to a jury, but the rule itself sets no deadlines. I conclude that LR 38 does not set express deadlines for making jury demands after an action is removed from state court.

Plaintiff cites decisions in which local rules were held to

---

[1] Rule 38(b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party."

3 - ORDER

be direction from the court under Rule 81(c), but in those decisions, the local rules set express deadlines specifically applying to actions removed from state court. See, e.g., Bruns, 131 F.3d at 762 (local rule set deadlines for demanding jury trial in actions removed from state court); O'Malley v. United States Fidelity and Guar. Co., 776 F.2d 494, 501-02 (5th Cir. 1985) (local rule for removed cases required that jury demand be made within 10 days after answer filed).

I note that LR 16.6(b)(1) requires that the proposed pretrial order contain a "concise statement of the nature of the action, including whether trial will be by jury." Interpreting a previous version of this local rule, this court has held that a party's failure to include a jury demand in the pretrial order waived the right to a jury trial. Thomas v. Transamerica Occidental Life Ins. Co., Civ. No. 90-584-FR, 1991 WL 47273, at *1 (D. Or. 1991) (interpreting former LR 235-2(b)(1)). Here, defendants made their jury demand before the parties submitted proposed pretrial orders, so Thomas's reasoning does not apply.

Defendants filed their request for a jury trial on November 28, 2006. Because trial is set for February 27, 2007, the timing of defendants' demand for a jury trial will not prejudice plaintiff in preparing for trial. I conclude that defendants' demand for a jury trial is timely. I need not address whether defendants are entitled to relief under Federal Rule of Civil Procedure 39(b). Cf. Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001) ("An

untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown.").

## CONCLUSION

Defendants' request for a jury trial is granted.

IT IS SO ORDERED.

DATED this  26  day of January, 2007.

*Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

5  -  ORDER