IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACKSON & PERKINS WHOLESALE, INC., <br>     Plaintiff, <br><br> v. <br><br> SMITH ROSE NURSERY, INC., et al., <br><br>     Defendants. | Civ. No. 03-3091-PA <br><br><br> **ORDER** |

**PANNER, District Judge:**

    Plaintiff Jackson & Perkins Wholesale, Inc. brings this action for breach of contract against defendants Smith Rose Nursery, Inc., Calvin J. Smith, and Melvin W. Smith. The case went to a jury trial. The parties dispute the validity of the jury's verdict.

    Defendants move for a mistrial, and for rehearing or new trial. I deny the motions and will issue a judgment in accordance with this order.

1 - ORDER

## I. Defendants' Motion for Mistrial

The jury found that 88% of the 153,000 plants shipped to defendants were viable when the plants left plaintiff's Wasco, California facility. The jury did not answer the verdict form's question on the amount of damages plaintiff sustained because of defendants' failure to pay for viable plants. The jury found for defendants on plaintiff's second breach of contract claim regarding alleged direct sales by defendants.

Defendants move for a mistrial, arguing that the court cannot reasonably calculate the amount of damages based on the jury's verdict. Defendants contend that the case must be retried because the parties' agreement set prices of $2.25 or $3.30 per plant, and neither party presented evidence from which a factfinder could determine how many plants were sold at either price, or how many of those plants were viable.

### A. Standards

The district court has discretion in deciding whether to grant a motion for a mistrial. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1105 (9th Cir. 2002).

### B. Discussion

As plaintiff notes, "[n]either party made any issue at trial that plants sold under the contract had two different prices, and no testimony concerning those differences in prices were offered by either plaintiff or defendants." When the jury returned with

2  - ORDER

a verdict, defendants moved for a mistrial on several grounds, but did not then raise the price issue.

I agree with plaintiff that to calculate damages, the method that best harmonizes the jury's verdict with the evidence is to multiply $554,977.85, the total amount invoiced, by 88%, which produces $488,380.51, the amount owed for only the viable plants, and then to subtract defendants' payments and credits. The resulting figure, $125,022.97, equals the total net damages sustained by plaintiff because of defendants' failure to pay for viable plants.

Defendants contend that this calculation is fatally flawed because it does not account for the possibility that there were more non-viable higher-priced plants than lower-priced plants. The parties did not present evidence on this issue at trial.

Even if one assumes for argument's sake that every single non-viable plant was priced at $3.30, the higher of the two contract prices, the resulting damage figure is actually about $6,000 more than the figure calculated by using 88% of the total invoice price.[1]  I conclude that a new trial is not necessary

---

[1] The alternate damages figure was calculated by multiplying the total number of plants by 12% to determine the number of non-viable plants, 18,360, and multiplying that number by $3.30, which results in $60,588 in non-viable plants. That figure is then subtracted from the total amount invoiced. The final net damages figure is calculated by subtracting defendants' payments and credits, resulting in total net damages of $131,032.31.

3  - ORDER

because the jury's verdict provides a sufficient basis to make a reasonable calculation of damages.

## II. Defendants' Motion for Reconsideration or New Trial

Defendants move for reconsideration or a new trial, raising the following issues: (1) the verdict was contrary to the law, the evidence, or to the weight of the evidence; (2) there is no substantial evidence that defendants owe plaintiff for 88% of the 153,000 plants; (3) there is no substantial evidence to support this court's conclusion that the parties did not have a binding settlement agreement in February 2003; (4) the court erred in excluding exhibits concerning the parties' settlement negotiations; (5) the court erred in denying defendants' motion for mistrial; (6) the court erred in failing to require that the jury fill in the amount of damages on the verdict form; (7) the court erred in formulating the verdict form; (8) the court erred in stating the number of plants in dispute as 153,000; (9) the court erred in limiting the issue to whether the plants were viable when they left plaintiff's possession; and (10) the court's ruling that the parties did not have a settlement agreement ignored points of law and fact in defendants' favor.

### A. Standards

The court may grant a motion for new trial if the jury's verdict is contrary to the clear weight of the evidence, if the verdict is based on false evidence, or if there would otherwise

4 - ORDER

be a miscarriage of justice. See <u>Roy v. Volkswagen of America, Inc.</u>, 896 F.2d 1174, 1176 (9th Cir.), <u>as amended by</u> 920 F.2d 618 (9th Cir. 1990). "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'" <u>Id.</u> (quoting <u>Wilhelm v. Associated Container Transp. (Australia) Ltd.</u>, 648 F.2d 1197, 1198 (9th Cir. 1981)). The district court has discretion in deciding whether to grant a new trial. <u>Unocal Corp. v. United States</u>, 222 F.3d 528, 534 (9th Cir. 2000).

**B. Discussion**

Defendants have not shown any errors that are serious enough to justify granting a new trial.

The verdict form was not perfect, but it was sufficient.

There was evidence indicating that the total number of plants was 153,000.

I adhere to my conclusion that defendants failed to show that the parties had a binding settlement agreement.

Defendants' other arguments lack merit.

/ / /

/ / /

/ / /

## CONCLUSION

Defendants' motions for mistrial (#233) and for new trial (#239) are denied.

IT IS SO ORDERED.

DATED this __9__ day of May, 2007.

*(signature)*

OWEN M. PANNER
U.S. DISTRICT JUDGE