FILED'07 AUG 24 11:00USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACKSON & PERKINS WHOLESALE, INC.,

      Plaintiff,

  v.

SMITH ROSE NURSERY, INC., et al.,

      Defendants.

Civ. No. 03-3091-PA

ORDER

**PANNER, District Judge:**

After trial, judgment was entered for plaintiff Jackson & Perkins Wholesale, Inc. Plaintiff now seeks costs and attorney's fees. Defendants object. I award plaintiff $3,096.40 in costs and $80,761 in attorney's fees.

## DISCUSSION

**I. Attorney's Fees**

  **A. Legal Standards**

State law governs the award of attorney's fees in a diversity action. <u>Kabatoff v. Safeco Ins. Co.</u>, 627 F.2d 207, 210

1 - ORDER

(9th Cir. 1980). Here, the parties' contract provides for attorney's fees.[1] "In any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim . . . shall be entitled to reasonable attorney fees in addition to costs and disbursements." Or. Rev. Stat. § 20.096(1). Because plaintiff prevailed in this breach of contract action, plaintiff is entitled to an award of reasonable attorney's fees.

> In determining a reasonable attorney's fee under Oregon law, the following factors are relevant:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the result obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;

---

[1] Paragraph 27 of the parties' agreement provides:

In the event of any suit or proceeding to enforce this Agreement for interpretation or construction of this Agreement, or on account of any breach of or default under this Agreement, the prevailing party in such proceedings will be entitled to recover from the other party, in addition to all other relief, all reasonable attorneys' fees incurred by the prevailing party in connection with the same (including, but not limited to, any appeal thereof or petition for review).

2  - ORDER

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Kabatoff, 627 F.2d at 210 (citing Chalmers v. Oregon Auto. Ins. Co., 263 Or. 449, 455, 502 P.2d 1378, 1381-82 (1972)). A party may recover attorney's fees only if the fees were "reasonably incurred in the pursuit of (1) successful claims (2) for which fee recovery is authorized." Clausen v. M/V New Carissa, 171 F. Supp. 2d 1138, 1142 (D. Or. 2001), aff'd, 339 F.3d 1049 (9th Cir. 2003). "Under Oregon law, the question of what amount constitutes a reasonable attorney's fee is an issue of fact to be determined as any other issue of fact." Kabatoff, 627 F.2d at 210 (citing Progress Quarries, Inc. v. Lewis, 281 Or. 441, 451, 575 P.2d 158, 163 (1978)).

### B. Discussion

#### 1. Hourly Rates

Plaintiff seeks hourly rates of $180 and $210 for Joseph Kellerman, lead attorney for plaintiff. When Kellerman began working on this action in 2003, he had more than 10 years of legal experience, with an emphasis in complex commercial litigation.

Plaintiff seeks hourly rates of $150, $165, and $175 for Ryan J. Vanderhoof, who had about 5 years of experience when he began working on this action. Vanderhoof also specializes in

3 - ORDER

complex commercial litigation.

Plaintiff seeks hourly rates of $150 and $175 for attorney Charles E. Bolen, who billed 4.80 hours; $125 and $140 for attorney Jesse A. Visser, who billed 23.65 hours; $110 for attorney Eric B. Milton, who billed 1.70 hours; and $55 for legal assistant Susan D. Wood, who billed 1 hour.

Defendant does not object to the requested hourly rates. I find that the hourly rates are reasonable for the Medford market, given the attorneys' experience and skill, and the relative complexity of this litigation.

### 2. Number of Hours

Plaintiff seeks 246.35 hours for Kellerman, and 218.6 hours for Vanderhoof, as well as relatively small amounts, noted above, for three other attorneys and one paralegal.

#### a. Comparison to Defendants' Hours

Defendants argue that a reasonable fee award should not exceed $39,592. Defendants calculated that amount based on the hours spent by defendants' local counsel on this litigation, plus the number of hours spent by plaintiff's counsel taking depositions of defendants in Florida.

I am not aware of Oregon authority for the proposition that an award of attorney's fees for successfully litigating a breach of contract action should not exceed the fees generated by opposing counsel. Plaintiff bore the burden of proof on its claims, and was required to defend against defendants'

4 - ORDER

counterclaims. Cf. Ogelsby[2] v. Western Stone & Metal Corp., Civ. No. 99-492-BR, 2001 WL 34045884, at *6 (D. Or. Sept. 10, 2001) (rejecting an analogous argument in an employment discrimination action and noting that "it is ordinarily a more daunting task for a plaintiff to investigate, to evaluate, to assemble, and to present a circumstantial case of retaliatory discharge and then to satisfy the burden of proof than it is for a defendant to point out the insufficiencies of a plaintiff's claims and to defend against them"). Under the circumstances here, the number of hours spent by defendants' counsel in a losing cause should not cap an award of attorney's fees to plaintiff.

### b. Deductions

Plaintiff prevailed on its primary claim for breach of contract, recovering almost $580,000 in damages, including prejudgment interest. Plaintiff did not succeed on all of its claims, however. The court may not award attorney's fees for time spent on unsuccessful claims or arguments. See Clausen, 171 F. Supp. 2d at 1142. In addition, billing records that contain "inadequate detail or that fail to separate time for individual tasks may be totally or partially denied." Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc., Civ. No. 04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007).

Plaintiff did not succeed on its second and third motions for partial summary judgment. See Findings and Recommendation

---

[2] Westlaw misspelled the plaintiff's name as "Oglesby."

5 - ORDER

20-21 (adopted Oct. 26, 2006). Because the unsuccessful motions were intertwined legally and factually with the successful motions, I will estimate the time spent on the unsuccessful motions. I deduct $1,000, equivalent to about 5.5 hours at $180 per hour (Kellerman's rate at the time).

Plaintiff unsuccessfully opposed defendants' request for a jury trial. Based on the time sheets submitted by plaintiff, I deduct $1,960 (1 hour at $210 for Kellerman and about 10 hours for Vanderhoof at $175).

Plaintiff lost at trial on its claim for breach of contract based on direct sales to a third party. The direct sales claim was separate from the primary breach of contract claim. The jury was instructed that damages on the direct sales claim could not exceed $34,500.

Plaintiff's billing records are not sufficiently detailed to show the hours spent solely on the direct sales claim. I deduct $4,500, which is about 5% of the total amount of fees requested. I base my estimate on the relative importance of the direct sales claim to the case as a whole.

I deduct $189 because plaintiff's attorney spent about .9 hours on an unsuccessful motion to supplement the judgment.

### c. Travel Time

Plaintiff seeks fees for travel to Florida to take depositions of the individual defendants, as well as airfare, lodging, and parking expenses of $1,370.36. Plaintiff states

6 - ORDER

that defendants refused to make the individual defendants available for depositions in Medford.

If properly supported and reasonable, the court may award fees for travel. See <u>Sorenson v. Concannon</u>, 161 F. Supp. 2d 1164, 1168 (D. Or. 2001) (travel time compensable in light of state-wide nature of claims and locations of attorneys). I find that the requested fees and travel expenses are reasonable.

### d. Post-Judgment Interest

Plaintiff is entitled to post-judgment interest on the award of attorney's fees. See <u>Sorenson</u>, 161 F. Supp. 2d at 1177. However, for the reasons that I denied plaintiff's request for post-judgment interest at the parties' contractual rate of 18%, I deny plaintiff's similar request here. Post-judgment interest on the attorney's fees accrues at the federal rate of interest set by 28 U.S.C. § 1961(a), from the date of this order awarding fees. See <u>Ogelsby v. Western Stone & Metal Corp.</u>, 230 F. Supp. 2d 1184, 1188 (D. Or. 2001) ("If awarded, . . . post-judgment interest will run from the date of the supplemental judgment establishing Plaintiff's right to such an award.").

### e. Collecting the Judgment

Plaintiff seeks an award of fees based on anticipated work required to collect the judgment against defendants. Plaintiff predicts that 20 hours will be required.

/ / / /

/ / / /

I decline to award anticipated attorney's fees. Plaintiff may seek attorney's fees if and when they are incurred. I will then determine whether fees should be awarded.

### f. Conclusion

Plaintiff requested a total of $88,409.61 in attorney's fees and travel expenses. Based on the adjustments described above, I award $80,761 in attorney's fees. I find no other reasons to adjust the amount of attorney's fees awarded.

## II. Costs

### A. Legal Standards

Under 28 U.S.C. § 1920, a federal court may tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by § 1920. See Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995). The court may "deny costs to a prevailing party for reasons other than punishing misconduct." Kelley v. Sears, Roebuck, and Co., Civ. No. 01-1423-ST, 2004 WL 1824121, at *3 (D. Or. Aug. 10, 2004).

### B. Deposition Costs

Deposition costs are taxable if the transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at

8 - ORDER

the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Frederick, 162 F.R.D. at 143. The cost of a deposition may be taxable even if there is no reference to the deposition in the record. Corridean v. Restore Fin. Servs. Network, LLC, Civ. No. 06-524-HU, 2007 WL 1989622, at *4 (D. Or. July 6, 2007).

Here, defendants object that plaintiff requests costs for "discovery depositions" that "were not used in the case." Plaintiff concedes $77 for one of the depositions is not taxable. Based on my knowledge of this case, I find that the other depositions were reasonably required to brief cross-motions for summary judgment and to examine witnesses at trial.

### C. Other Costs

Plaintiff seeks $167 for docket fees and $105 for service of process fees. Defendants do not object to these costs. I find these requested costs reasonable.

Plaintiff concedes that shipping charges of $25 are not taxable.

### D. Post-Judgment Interest

Plaintiff is entitled to post-judgment interest on the award of costs. See Friend v. Kolodzieczak, 72 F.3d 1386, 1391 (9th Cir. 1995) (interest allowed on award of fees and costs under 42 U.S.C. § 1988). Interest on costs shall accrue from the date of this order. See Ogelsby, 230 F. Supp. 2d at 1188.

9 - ORDER

## CONCLUSION

Plaintiff's motions for attorney's fees (#249, #267) are granted in part. Plaintiff is awarded $80,761 in attorney's fees and $3,096.40 in costs.

IT IS SO ORDERED.

DATED this 23 day of August, 2007.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE